UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED
DEC 15 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BILLY GENE HARRIS,  )
No. 06244-062  )
Federal Correctional Complex  )
Box 3000 (MEDIUM)  )
Forrest City, Arkansas 72336,  )
                             Plaintiff,  )  CASE NUMBER 1:05CV02408
                                     )
          v  ) CA  JUDGE: Ellen Segal Huvelle
                                     )
BUREAU OF INDIAN AFFAIRS, and  )  DECK TYPE: FOIA/Privacy Act
Tribal Law Enforcement,  )
Department of the Interior,  )  DATE STAMP: 12/15/2005
1849 C St., NW, Mail Stop 5341  )
Washington, D. C. 20240,  )
          and  )  FREEDOM OF INFORMATION ACT SUIT
CRIMINAL DIVISION, of the United  )
States Department of Justice,  )
950 Pennsylvania Avenue, NW,  )
Washington, D. C. 20530,  )
          and  )
BUREAU OF ALCOHOL, TOBACCO,  )
FIREARMS & EXPLOSIVES,  )
Department of Justice  )
Washington, D. C. 20226,  )
          and  )  C O M P L A I N T
FEDERAL BUREAU OF INVESTIGATION,  )
J. Edgar Hoover Building  )
Washington, D. C. 20535,  )
          and  )
UNITED STATES MARSHALS SERVICE,  )
Department of Justice  )
Washington, D. C. 20530,  )
          and  )
EXECUTIVE OFFICE FOR UNITED  )
STATES ATTORNEYS, United States  )
Department of Justice  )
600 E. Street, NW,  )
Washington, D. C. 20530,  )
                                     )
                    Defendants.  )

RECEIVED
DEC 02 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

    NOW COMES, Plaintiff, BILLY GENE HARRIS, Pro Se, and as and for this complaint against each and every above named defendant, hereby states, claims and alleges as follows:

Plaintiff

    Plaintiff, BILLY GENE HARRIS, is a federal prisoner presently housed at the Federal Correctional Complex, Box 3000 (MEDIUM) at Forrest City, Arkansas 72336.

Defendants

    Defendants, each and every one of them, are federal agencies subject to the FREEDOM OF INFORMATIONACT laws.(5 USC Section 552).

-1-

### Jurisdiction

This Court has jurisdict to entertain all suits filed under the Freedom of Information Act and the Privacy Act.

### Venue

Venue lies in the District of Columbia and is proper.

### COUNT I

1. By letter dated May 7, 2005, to the Director of the Osage Indian Agency, a division of the BUREAU OF INDIAN AFFAIRS, of the United States Department of the Interior, (Hereinafter "BIA"), plaintiff requested requested information in connection to his name and the surplus allotment land $SW\frac{1}{4}$-27-25-8 in connection with the time span including February, 1989.
2. The Osage Andian Agency never responded.
3. By letter dated July 11, 2005, to the Osage Indian Agency in Pawhuska, Oklahoma, plaintiff administratively appealed the failure of the BIA to respond to his request within the time limits set forth in the FREEDOM OF INFORMATION ACT (FOIA).
4. BIA never responded to the administrative appeal.
5. By letter dated April 30, 2005, plaintiff requested all records in connection to his name from the Osage Nation Police Department.
6. By letter dated July 11, 2005 plaintiff appealed the failure of the Osage Nation Police Department to respond to his request.
7. Defendant BIA is in gross violation of the FREEDOM OF INFORMATION ACT.
8. This action is proper to obtain review of the inaction by the BUREAU OF INDIAN AFFAIRS.

### COUNT II

1. By letter dated April 30, 2005 the plaintiff requested a copy of all records in any way connected to his name from the CRIMINAL DIVISION OF THE UNITED STATES DEPARTMENT OF JUSTICE. (Hereinafter "CRIMINAL DIVISION").
2. CRIMINAL DIVISION never responded to the request.
3. By letter dated August 5, 2005 to the Office of Information and Privacy (OIP), plaintiff appealed the violation of the statutory time limits within which to respond to the request under the FOIA.
4. CRIMINAL DIVISION and the OIP never responded to either the request or the appeal.
5. CRIMINAL DIVISION is in gross violation of the FOIA.
6. This action is proper to obtain judicial review of the CRIMINAL DIVISION inaction.

### COUNT III

1. By letter dated May 7, 2005, the plaintiff requested all records in any way connected to his name from the BUREAU OF ALCOHOL, TOBACCO, FIREARMS and EXPLOSIVES. (Hereinafter "ATF").
2. ATF never responded to the request.

3. By letter dated September 20, 2005 plaintiff appealed the violations of the statutory time limits within which to respond to the FOIA request to the OIP.
4. By letter dated October 14, 2005, the OIP advised plaintiff that the ATF would directly respond to him.
5. ATF never responded to plaintiff.
6. ATF is in gross violation of the FOIA time limits.
7. This action is proper to obtain judicial review of the ATF action/inaction.

## COUNT IV

1. By letter dated April 30, 2005, plaintiff requested all records in any way connected to his name from the FEDERAL BUREAU OF INVESTIGATION in Washington, D. C. (Hereinafter "FBI").
2. By letter to the FBI dated April 30, 2005, plaintiff also requested records from the FBI Field Office in Oklahoma City, Oklahoma.
3. By letter dated May 16, 2005, the FBI acknowledged receipt of both requests.
4. By letter dated July 26, 2005, the plaintiff appealed the unreasonable delays in the processing of his requests and the violations of the statutory time limits within which to process his requests under the FOIA to the OIP.
5. By letter dated August 15, 2005 the FBI advised plaintiff it was still processing his requests.
6. Plaintiff has received no further communication from the FBI, or the OIP regarding his requests or appeal.
7. The FBI is in gross violation of the FOIA.
8. This action is proper to obtain judicial review of the FBI action/inaction.

## COUNT V

1. By letter dated April 30, 2005, to the UNITED STATES MARSHALS SERVICE (Hereinafter "USMS"), plaintiff requested all records in any way connected to his name.
2. USMS never responded.
3. By appeal letter to the OIP dated July 11, 2005, the plaintiff appealed the violations of the FOIA time limits by the USMS within which to respond to his request.
4. By letter dated July 28, 2005 the OIP advised plaintiff the USMS would directly respond to him.
5. By letter dated July 29, 2005 the USMS requested plaintiff's verification of identity.
6. By letter dated September 22, 2005 the plaintiff submitted the verification of his identity to USMS.
7. By letter dated September 26, 2005 the plaintiff appealed the violations of the statutory time limits within which to process his request to the OIP.
8. By letter dated September 30, 2005 the USMS acknowledged receipt of the revised request.
9. USMS has never responded since then to plaintiff's request.
10. USMS has violation the FOIA time limits.
11. This action is proper to obtain judicial review of the USMS action/inaction.

## COUNT VI

1. By letter dated April 30, 2005, the plaintiff requested a copy of all records in any way connected to his name from the EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS (Hereinafter "EOUSA").
2. By letter dated June 6, 2005, the EOUSA acknowledged receipt of plaintiff's request.
3. By letter dated August 4, 2005, plaintiff appealed the violations of the time limits of the FOIA within which to process his request to the OIP.
4. The OIP responded by a letter dated August 22, 2005 stating the EOUSA was still processing his request.
5. The plaintiff has not received any further correspondence from the EOUSA or the OIP regarding his request or appeal.
6. The EOUSA is in gross violation of the FOIA time limits.
7. This action is proper in order to obtain judicial review of the EOUSA action/inaction.

WHEREFORE, Plaintiff prays for the following relief :

1

Order these proceedings expedited according to the FOIA;

2

Declare each agency named herein to be in violation of the FOIA;

3

Order plaintiff immediate access to the requested records;

4

Sanction any agency and/or agency employee who is found to have intentionally denied plaintiff access to the requested records and award punitive damages to plaintiff;

5

Grant plaintiff attorneys/researchers/clerical fees incurred;

6

Grant any further relief this Court deems just and proper.
Respectfully Submitted this 22 day of November, 2005.

By *Bill Harris*
BILLY GENE HARRIS, Pro Se 06244-062
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

-4-