UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLY GENE HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-2408 (ESH) |
| BUREAU OF INDIAN AFFAIRS, et al., | ) |
| Defendants. | ) |

DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

The defendants, identified in the Complaint as the Bureau of Indian Affairs and Tribal Law Enforcement of the United States Department of Interior, the Criminal Division of the United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Federal Bureau of Investigation, the U.S. Marshals Service, and the Executive Office for United States Attorneys, by and through their undersigned counsel, respectfully move this Court pursuant to Rule 6(b)(1), Fed. R. Civ. P., to enlarge the time to answer or otherwise respond to the Complaint brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendants request that the deadline for responding be extended for approximately one month, specifically from January 19, 2006 through and including February 23, 2006. This is the defendants' first request for an enlargement of time and no scheduling order has been entered in this case. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* prior to service of the complaint on the defendants. The grounds for this motion are set forth below.

Plaintiff alleges that he has made several requests under the FOIA in April and May, 2005 relating to a piece of land and himself. Plaintiff alleges that although some of his requests have been acknowledged, he has not received timely responses under the FOIA. <u>See generally</u> Complaint. Plaintiff seeks declaratory relief, access to the records, sanctions, including punitive damages, and fees. <u>See</u> Complaint, page 4.

The United States Attorney's Office was served with the summons and complaint on December 20, 2005. As a result, the deadline for defendants' initial response is January 19, 2006. Once the matter was assigned to counsel, counsel began contacting each of the entities identified in the complaint. Although initial contacts have now been made with each of the entities, there was some delay in response due, in part, to the intervening holidays since this matter was served. All of the named defendants are aware of the litigation and are in the process of gathering and relaying information to the U.S. Attorney's Office concerning the receipt, if any, and the processing of plaintiff's FOIA request. One of the entities has indicated that records need to be retrieved from archives. Contrary to the allegations in the Complaint, personnel from the FBI has advised counsel that it released information to Plaintiff on November 18, 2005 and advised him that it had referred certain other documents to another entity. Within the next few weeks, counsel expects to receive enough information to develop a plan and timetable for filing a dispositive motion. Counsel also intends to continue investigating whether there are any additional facts bearing on Plaintiff's *in forma pauperis* status. It serves both the interests of the parties and judicial economy to allow defendants to have sufficient time to coordinate responses and provide materials which will allow the Court to resolve this case. Coordination of responses

and preparation of materials to support an appropriate motion by six separate entities will inevitably take some time.

Counsel for defendants did not consult with plaintiff prior to filing this motion because he is presently incarcerated based on his conviction for murdering a couple in their home during an armed robbery in 1989 and sentence to life imprisonment without the possibility of parole.[1]  See United States v. Billy Gene Harris, 198 F.3d 259 (10th Cir. 1999) (affirming denial of relief under 28 U.S.C. § 2255 and summarizing the history of the criminal case); United States v. Billy Gene Harris, 956 F.2d 279 (10th Cir. 1992) (table) (affirming conviction but reversing the entry of a restitution order) (text of the decision is available at 1992 WL 33210).

WHEREFORE, based on the foregoing, the defendants respectfully request that the time for answering or otherwise responding to the complaint be extended to and including February 23, 2006.

Dated: January 19, 2006.

                                          Respectfully submitted,

                                          /s/
                                          KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                          United States Attorney

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*."  It does not require counsel to discuss those motions with pro se parties.  Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties.  This practice is informed by, and consistent with, Local Civil Rule 16.3(a).  Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements.  Specifically, that Rule requires "[c]ounsel (including any *nonprisoner pro se* party)" to meet and confer prior to a scheduling conference).  Local Civil Rule 16.3(a) (emphasis added).

      /s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the foregoing <u>DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME</u> in the United States mail, via first class, postage paid, delivery to :

>**BILLY GENE HARRIS**
>No. 06244-062
>Federal Correctional Complex
>Box 3000 (Medium)
>Forrest City, Arkansas 72336

on this <u>19th</u> day of January, 2006.

/s/
JANE M. LYONS, D.C. BAR #451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
202/514-7161
