UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BILLY GENE HARRIS,                    )
                                      )
          Plaintiff,                  )
                                      )
                                      )    Civil Action No.  05-2408 (ESH)
     v.                               )
                                      )
BUREAU OF INDIAN AFFAIRS, et al.,     )
                                      )
          Defendants.                 )
_____)

DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

The defendants, identified in the Complaint as the Bureau of Indian Affairs and Tribal

Law Enforcement of the United States Department of Interior, the Criminal Division of the

United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives,

the Federal Bureau of Investigation, the U.S. Marshals Service, and the Executive Office for

United States Attorneys, by and through their undersigned counsel, respectfully move this Court

pursuant to Rule 6(b)(1), Fed. R. Civ. P., to enlarge the time to answer or otherwise respond to

the Complaint and to file a response to Plaintiff's Motion for Partial Summary Judgment in this

case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Defendants

request that the deadline for responding to the complaint and for opposing plaintiff's motion for

partial summary judgment be extended until March 23, 2006.[1]  This is the defendants' second

_____

[1]  The current deadline for responding to the Complaint is February 23, 2006.  Based on
the date reflected on the certificate of service attached to plaintiff's motion for partial summary
judgment, which is February 10, 2006, the deadline for responding to plaintiff's motion is
February 24, 2006; however, because of the delays associated with mail sent from federal prisons
and screening of all mail received by the Department of Justice, undersigned counsel first
became aware of plaintiff's motion when it was added to the Court's ECF system on February

request for an enlargement of time to respond to the complaint, and no scheduling order has been entered in this case. The grounds for this motion are set forth below.

As described in defendants' previous motion, plaintiff alleges that he has made several requests under the FOIA to various entities in April and May, 2005 relating to a piece of land and himself. Plaintiff alleges that although some of his requests have been acknowledged, he has not received timely responses under the FOIA. See generally Complaint. Plaintiff seeks declaratory relief, access to the records, sanctions, including punitive damages, and fees. See Complaint, page 4.

The United States Attorney's Office was served with the summons and complaint on December 20, 2005. Based on the shortened time under the statute for a response, the initial deadline for defendants' initial response was January 19, 2006, and the Court extended that deadline at defendants' request until February 23, 2006. Since the Court last extended time, undersigned contact has been in contact on multiple occasions with employees at each of the following: the Federal Bureau of Investigation; the Criminal Division of the U.S. Department of Justice; the Executive Office for United States Attorneys; the Bureau of Alcohol, Tobacco, Firearms and Explosives; the United States Marshals Service; and the Department of Interior. As of the filing of this motion, both USMS and the Criminal Division have both provided declarations to support their responses to plaintiff's complaint. The remaining entities are all working toward providing responses to plaintiff and/or preparing declarations explaining their responses or lack thereof, and they have all made significant progress in the last few weeks. As of the filing of this motion, however, all of the material needed to support the government's

_____

22, 2006, only two days prior to the deadline.

motion is not yet available.  Undersigned counsel is hopeful that all necessary information will be available sufficiently in advance of the deadline being requested in this motion for filing of a single brief addressing the claims and plaintiff's partial motion.

Notably, and contrary to the allegations in the Complaint, personnel from the FBI has advised undersigned counsel that it released information to Plaintiff on November 18, 2005 and advised him that it had referred one page to another entity, the Department of Interior.  It serves both the interests of the parties and judicial economy to allow defendants to have sufficient time to coordinate responses and provide materials which will allow the Court to resolve this case. Coordination of responses and preparation of materials to support a single motion by six separate entities takes some time but it will ultimately streamline this litigation instead of proceeding piecemeal.

Counsel for defendants did not consult with plaintiff prior to filing this motion because he is presently incarcerated based on his conviction for murdering a couple in their home during an armed robbery in 1989 and sentence to life imprisonment without the possibility of parole.[2]  See United States v. Billy Gene Harris, 198 F.3d 259 (10th Cir. 1999) (affirming denial of relief under 28 U.S.C. § 2255 and summarizing the history of the criminal case); United States v. Billy Gene

---

[2]  Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*."  It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties.  This practice is informed by, and consistent with, Local Civil Rule 16.3(a).  Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements.  Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference.  Local Civil Rule 16.3(a) (emphasis added).

<u>Harris</u>, 956 F.2d 279 (10th Cir. 1992) (table) (affirming conviction but reversing the entry of a restitution order) (text of the decision is available at 1992 WL 33210).

WHEREFORE, based on the foregoing, the defendants respectfully request that the time for (1) answering or otherwise responding to the complaint, and (2) filing an opposition to plaintiff's motion for partial summary judgment be extended to and including March 23, 2006. A proposed order is attached.

Dated: February 22, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that I have placed a copy of the foregoing DEFENDANTS' MOTION

FOR ENLARGEMENT OF TIME in the United States mail, via first class, postage paid,

delivery to :

> **BILLY GENE HARRIS**
> No. 06244-062
> Federal Correctional Complex
> Box 3000 (Medium)
> Forrest City, Arkansas 72336

on this 22nd day of February, 2006.


/s/
JANE M. LYONS, D.C. BAR #451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
202/514-7161