UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLY GENE HARRIS, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 05-2408 (ESH) |
| BUREAU OF INDIAN AFFAIRS, et al., | ) |
|     Defendants. | ) |

DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

The defendants, identified in the Complaint as the Bureau of Indian Affairs and Tribal Law Enforcement of the United States Department of Interior, the Criminal Division of the United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Federal Bureau of Investigation, the U.S. Marshals Service, and the Executive Office for United States Attorneys, by and through their undersigned counsel, respectfully move this Court pursuant to Rule 6(b)(1), Fed. R. Civ. P., to enlarge the time to answer or otherwise respond to the Complaint and to file a response to Plaintiff's Motion for Partial Summary Judgment in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendants request that the deadline for responding to the complaint and for opposing plaintiff's motion for partial summary judgment be extended from March 23, 2006 until May 10, 2006. This is the defendants' third request for an enlargement of time to respond to the complaint, and no scheduling order has been entered in this case. The grounds for this motion are set forth below.

As described in defendants' previous motions, plaintiff alleges that he has made several requests under the FOIA to various entities in April and May, 2005 relating to a piece of land and himself. Plaintiff alleges that although some of his requests have been acknowledged, he has not received timely responses under the FOIA. See generally Complaint. Plaintiff seeks declaratory relief, access to the records, sanctions, including punitive damages, and fees. See Complaint, page 4.

Undersigned counsel continues to work with the multiple entities[1] involved to gather information and prepare materials to support a dispositive motion in this case. As of the filing of this motion, both USMS and the Criminal Division have both provided declarations to support their responses to the claims in the Complaint. Since the Court last extended the deadline, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") has discovered that although it had never received a FOIA request from Plaintiff, the Department of Justice's Office of Information and Privacy had attempted unsuccessfully to forward Plaintiff's request to ATF in October, 2005. Declaration of Averill P. Graham, ¶¶ 6-7 (attached). ATF finally received Plaintiff's FOIA request on January 16, 2006. Id. ¶ 8. ATF has now searched its electronic database of its law enforcement investigation records and located a Criminal Investigation File which contains responsive records. Id. ¶¶ 9-11. The file was located in ATF's Dallas, Texas Field Division Office and personnel in Texas have reviewed the file and are in the process of forwarding all responsive materials to ATF Headquarters in Washington, D.C. Id. ¶ 11-12

---

[1] These include the Federal Bureau of Investigation; the Criminal Division of the U.S. Department of Justice; the Executive Office for United States Attorneys; the Bureau of Alcohol, Tobacco, Firearms and Explosives; the United States Marshals Service; and the Department of Interior.

(personnel have identified records in 17 out of the 85 total records associated with that investigation). ATF currently expects that review to be completed by March 31, 2006. See id. ¶ 12. Once the materials arrive in D.C., they will be reviewed by FOIA staff and processed for release to plaintiff. Id. ¶ 12. Proceeding to process plaintiff's FOIA request, which ATF has no record of having received directly from Plaintiff, is more efficient than having Plaintiff make a second request and will not unduly delay this litigation.

      Undersigned counsel is informed by counsel from the Executive Office for United States Attorney ("EOUSA") that EOUSA recently received the records from the U.S. Attorney's Office that prosecuted and convicted plaintiff of two counts of first degree murder of a couple in their home in 1989. See United States v. Billy Gene Harris, 198 F.3d 259 (10th Cir. 1999) (affirming denial of relief under 28 U.S.C. § 2255 and summarizing the history of the criminal case); United States v. Billy Gene Harris, 956 F.2d 279 (10th Cir. 1992) (table) (affirming conviction but reversing the entry of a restitution order) (text of the decision is available at 1992 WL 33210). Personnel at EOUSA will review those records in the next in the near future. EOUSA also made a referral of a single document in January, 2006 to the Federal Bureau of Investigation ("FBI") for direct response to plaintiff and FBI has addressed that referral. FBI has also completed processing plaintiff's FOIA request and is nearly finished preparing a declaration to support its response.

      Although some of the material explaining some of the named defendants' FOIA responses is available, it is clear that more is needed to allow undersigned counsel to file a single motion addressing the claims and responding to plaintiff's partial motion for summary judgment.

It serves both the interests of the parties and judicial economy to allow defendants to have sufficient time to coordinate responses and provide one set of materials which will allow the Court to resolve this case efficiently.  This motion is filed in good faith and the extra time requested will not unfairly prejudice plaintiff; indeed, ATF will be processing records for release in the interim.

Counsel for defendants did not consult with plaintiff prior to filing this motion because he is presently incarcerated.[2]  In addition to needing the materials described in this motion, undersigned counsel with daily responsibility for this matter has a heavy docket of active cases and will be out of the country from April 25 until May 3, 2006.

WHEREFORE, based on the foregoing, the defendants respectfully request that the time for (1) answering or otherwise responding to the complaint, and (2) filing an opposition to plaintiff's motion for partial summary judgment be extended to and including May 10, 2006.

Dated: March 23, 2006.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

---

[2]  Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*."  It does not require counsel to discuss those motions with pro se parties.  Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties.  This practice is informed by, and consistent with, Local Civil Rule 16.3(a).  Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements.  Specifically, that Rule requires "[c]ounsel (including any *nonprisoner pro se* party)" to meet and confer prior to a scheduling conference).  Local Civil Rule 16.3(a) (emphasis added).

        RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

**CERTIFICATE OF SERVICE**

  I hereby certify that I have placed a copy of the foregoing DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME in the United States mail, via first class, postage paid, delivery to :

    **BILLY GENE HARRIS**
    No. 06244-062
    Federal Correctional Complex
    Box 3000 (Medium)
    Forrest City, Arkansas 72336

on this 23rd day of March, 2006.

            /s/
            JANE M. LYONS, D.C. BAR #451737
            Assistant United States Attorney
            555 4th Street, N.W. - Room E4822
            Washington, D.C. 20530
            202/514-7161