UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLY GENE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 05-2408 (ESH) |
| v. ) | |
| ) | |
| BUREAU OF INDIAN AFFAIRS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

The defendants, identified in the Complaint as the Bureau of Indian Affairs and Tribal Law Enforcement of the United States Department of Interior, the Criminal Division of the United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Federal Bureau of Investigation, the U.S. Marshals Service, and the Executive Office for United States Attorneys, by and through their undersigned counsel, respectfully move this Court pursuant to Rule 6(b)(1), Fed. R. Civ. P., to enlarge the time to file their motion for summary judgment and opposition to Plaintiff's Motion for Partial Summary Judgment in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendants' counsel is in the process of preparing a single submission addressing both the complaint and plaintiff's motion and requests that the deadline for filing it be set at June 7, 2006. This is the defendants' fourth request for an enlargement of time to respond to the complaint, and no scheduling order has been entered in this case. The grounds for this motion are set forth below.

As described in defendants' previous motions, plaintiff alleges that he has made several requests under the FOIA to various entities in April and May, 2005 relating to a piece of land and himself. Plaintiff alleges that although some of his requests have been acknowledged, he has not received timely responses under the FOIA. See generally Complaint. Plaintiff seeks declaratory relief, access to the records, sanctions, including punitive damages, and fees. See Complaint, page 4.

Undersigned counsel continues to work diligently with the multiple entities[1] involved in this case to gather information and prepare materials to support a dispositive motion. As of the filing of this motion, in addition to the USMS and the Criminal Division, the Department of Interior has now provided a declaration to support its search for responsive documents and its treatment of a referral from the FBI. The Federal Bureau of Investigation and Executive Office for United States Attorneys are close to completing the declarations in support of their responses. Since the Court last extended the deadline, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") has made significant progress processing the documents for release to plaintiff in response to the request it only belatedly became aware of after this litigation commenced. Although ATF previously anticipated completing its processing by around May 1, 2006, it is not yet finished and undersigned counsel is now informed that ATF expects to finish processing by approximately May 31, 2006, and then provide an appropriate declaration and Vaughn index promptly thereafter.

---

[1] These include the Federal Bureau of Investigation; the Criminal Division of the U.S. Department of Justice; the Executive Office for United States Attorneys; the Bureau of Alcohol, Tobacco, Firearms and Explosives; the United States Marshals Service; and the Department of Interior.

In addition, while working on a draft of a motion for summary judgment, undersigned counsel recently discovered that the FBI made a referral of approximately seven pages of material to the Bureau of Prisons ("BOP").  Undersigned counsel promptly contacted personnel at BOP to obtain information concerning the disposition of the referral and a supporting declaration.  Based on preliminary information, it appears that BOP will be able to provide a declaration sufficiently in advance of the deadline requested in this motion to allow counsel to complete the motion and have it reviewed.

In sum, defendants are continuing to make progress both responding to plaintiff's FOIA requests and documenting them.  Until the week of May 8, 2006, it appeared that the government was going to be prepared to meet the deadline last requested, and undersigned counsel delayed filing the motion until additional information was available to make a reasoned prediction about how much additional time would be needed.  As before, although much of the material explaining the named defendants' FOIA responses is currently available, it is impossible to complete the record at this point and to file a comprehensive motion addressing the claims and responding to plaintiff's partial motion for summary judgment.  It serves both the interests of the parties and judicial economy to allow defendants to have a reasonable amount of additional time to coordinate responses and provide one set of materials which will allow the Court to resolve this case efficiently.  This motion is filed in good faith and the extra time requested will not unfairly prejudice plaintiff; indeed, ATF will still be processing records for release in the near future.  Once undersigned counsel receives the remainder of the necessary information, she will need time to complete work on the motion and she will have to work around, among other

professional commitments, several depositions scheduled during the last two weeks of May in an employment discrimination case involving out-of-town counsel for plaintiff.

Counsel for defendants did not consult with plaintiff prior to filing this motion because he is presently incarcerated based on his convictions for murdering a couple in 1989.[2] See United States v. Billy Gene Harris, 198 F.3d 259 (10th Cir. 1999) (affirming denial of relief under 28 U.S.C. § 2255 and summarizing the history of plaintiff's criminal case); United States v. Billy Gene Harris, 956 F.2d 279 (10th Cir. 1992) (table) (affirming conviction but reversing the entry of a restitution order) (text of the decision is available at 1992 WL 33210).

WHEREFORE, based on the foregoing, the defendants respectfully request that the time for (1) answering or otherwise responding to the complaint, and (2) filing an opposition to plaintiff's motion for partial summary judgment be extended to and including June 7, 2006.

Dated: May 10, 2006.

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR No. 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

---

[2] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference). Local Civil Rule 16.3(a) (emphasis added).

/s/_____
JANE M. LYONS, D.C. BAR No. 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that I have placed a copy of the foregoing DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME in the United States mail, via first class, postage paid, delivery to :

>  **BILLY GENE HARRIS**
>  No. 06244-062
>  Federal Correctional Complex
>  Box 3000 (Medium)
>  Forrest City, Arkansas 72336

on this 10th day of May, 2006.

/s/
JANE M. LYONS, D.C. BAR #451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
202/514-7161