UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BILLY GENE HARRIS,                        )
                                          )
                Plaintiff,                )
                                          )        Civil Action No. 05-2408 (ESH)
        v.                                )
                                          )
BUREAU OF INDIAN AFFAIRS, et al.,         )
                                          )
                Defendants.               )
_____ )

## DEFENDANTS' STATEMENT OF MATERIAL FACTS
## NOT IN GENUINE DISPUTE

Pursuant to Local Civil Rule 7(h) and Rule 56 of the Federal Rules of Civil Procedure,

defendants respectfully submit this statement of material facts not in genuine dispute which

entitle them to judgment as a matter of law.

1.    By letters dated April 30, 2005 or May 7, 2005, plaintiff requested all records

about himself from the Criminal Division of the Department of Justice, the Bureau of Alcohol,

Tobacco, Firearms, and Explosives ("ATF"), the Federal Bureau of Investigation ("FBI"), the

United States Marshals Service ("USMS"), and the Executive Office for United States Attorneys

("EOUSA"), all of which are components of the United States Department of Justice.

Complaint.  By letter dated May 7, 2005, plaintiff also requested information about a tract of land

located in Oklahoma from the Bureau of Indian Affairs.  Complaint, Count I.

2.    Although AFT had no record of having received plaintiff's FOIA request, upon

receiving the complaint in this case, ATF tracked down correspondence October, 2005 from the

Office of Information and Privacy  ("OIP") that would have alerted ATF to the existence of the

FOIA request but was never received by ATF.  See Second Declaration of Averill P. Graham

("2d Graham Dec."), ¶¶ ___.

3.       After searching two electronic databases containing all the agency's records of its

criminal investigations using plaintiff's name, social security number, and date of birth, ATF

determined that it had no records responsive to plaintiff's request for information about himself.

2d Graham Dec. ¶¶ 7-15.

4.       USMS likewise has no record of having received plaintiff's FOIA request directly

from plaintiff, but did receive correspondence from OIP concerning it in July, 2005.  Declaration

of William E. Bordley ("Bordley Dec."), ¶ 2.  After USMS received a verification of plaintiff's

identity from him, USMS acknowledged plaintiff's request and subsequently searched the

records located in its Northern District of Oklahoma district.  Id. ¶¶ 3-8.  USMS identified 82

pages of records.

5.       On January 25, 2005, USMS released 75 pages of material to plaintiff in total; of

those, 26 pages contained material that was redacted under Exemption 2 or 7(C).  Id. ¶ 2 & Exh.

F.  USMS referred the seven pages originating with BOP back to BOP for a direct response to

plaintiff.  See Declaration of Wilson J. Moorer ("Moorer Dec."), ¶ 4.

6.       BOP ultimately released three pages in their entirety, two pages in part, and made

the two remaining pages available for plaintiff's inspection at the federal facility where he is

incarcerated.  Id. ¶ 5.

7.       The Criminal Division also failed to receive any FOIA request directly from

plaintiff.  Declaration of Kathy Hsu ("Hsu Dec."), ¶¶ 4-5.  But on August 30, 2005, the Criminal

Division also became aware of the request through communication with OIP after plaintiff appealed the Criminal Division's supposed non-response.  Id. ¶ 6.

8.      In response, the Criminal Division sent plaintiff a letter explaining that it needed additional information in order to search for responsive information and to verify plaintiff's identity.  Id. ¶ 7.  The Criminal Division's December 17, 2005 letter enclosed several forms to assist plaintiff in making a proper FOIA request and notified plaintiff that it was closing the initial request he had made.  Id.

9.      Plaintiff failed to respond to the Criminal Division's letter.  Id. ¶ 10.

10.     As a result of both its failure to receive any request in the first instance and plaintiff's failure to indicate which of the many record systems of the Criminal Division he wanted searched and identification information necessary to perform any search, the Criminal Division has been unable to locate responsive information.  Id. ¶¶ 11-14.

11.     The FBI's Oklahoma City field office received plaintiff's FOIA request dated April 30, 2005.  Declaration of David M. Hardy ("Hardy Dec."), ¶ 5 & n.3.  Plaintiff's letter requested any and all information about himself in the FBI's files.  Id. & Exh. A.

12.     The FBI searched its Central Records System for records concerning plaintiff using his name, date of birth, and social security number, and identified one main file: 198A-OC-49823.  See Hardy Dec. ¶ 16; see also id. ¶¶ 11-15 (describing the records maintained in the Central Records System and methods of searching it).  Because the Central Records System contains all of FBI's investigative law enforcement records and plaintiff's connection with the FBI is solely as a subject of its investigation, there are no other places reasonably likely to contain responsive records at FBI.  Id.

13.     By letter dated June 6, 2005, the FBI advised plaintiff that it had located approximately 460 pages of material which could be related to his request and that fees associated with copying the documents if they were all released would total $36.00.  Id. ¶ 7.  FBI requested that plaintiff agree to pay the estimated fees prior to processing.  Id.

14.     After plaintiff appealed to the OIP, FBI released 212 pages to plaintiff in November, 2005 with certain material redacted under the FOIA.  Id. ¶ 10.  FBI also referred one page to the Department of Interior for direct response.  Id. ¶¶ 66-67.  That page is being released in full herewith.  See Exhibit A (July 6, 2006 letter to AUSA Jane Lyons from Alan Woodcock, Field Solicitor enclosing a copy of the Feb. 28, 1989 letter referred from FBI).

15.     EOUSA received plaintiff's FOIA request on May 11, 2005.  Declaration of John F. Boseker ("Boseker Dec."), ¶ 6 & Exh. A.  EOUSA subsequently located records as a result of two searches, and ultimately released certain information to plaintiff, with some material redacted, and referred 176 pages to the FBI.  Id. ¶¶ 7-14.  EOUSA also advised plaintiff that there were publicly available records also in its files which could be obtained by making a specific request for them and paying the fees associated with copying them.  Id. ¶ 11.

16.     The FBI processed the pages referred to it by EOUSA and released portions to plaintiff.  See Hardy Dec. ¶¶ 68-71.

17.     The Bureau of Indian Affairs ("BIA") searched its records for information about plaintiff's request and located records responsive to plaintiff's request for information about a particular tract of land.  See Declarations of Charles R. Hurlburt, Annette Jenkins, and Jeffrey O'Dell.  The only documents located were correspondence with plaintiff concerning his requests

-4-

and documents generated during plaintiff's criminal case. Although plaintiff should already have copies of these documents, they are also attached to the Hurlburt declaration.

18.    The Bureau of Indian Affairs, FBI, ATF, and EOUSA all performed reasonable searches for records responsive to plaintiff's requests.

19.    USMS and FBI properly Applied Exemption 2 to protect bank routing and account numbers on a U.S. Treasury check and other internal markings. Bordley Dec. ¶ 11. FBI likewise withheld internal telephone numbers of FBI support personnel and internal source symbol numbers relating to tracking confidential informants.

20.    EOUSA correctly applied Exemption 5 to protect information contained in handwritten notes by the prosecuting Assistant United States Attorney during the investigation and prosecution of plaintiff and an intra-agency memorandum regarding the prosecution of plaintiff. Boseker Dec. ¶¶ 26-29. FBI properly applied Exemption 5 by withholdin one unsigned draft document prepared for submission to the court in connection with plaintiff's criminal proceedings. Hardy Dec. ¶ 29-30.

21.    FBI properly applied Exemption 6 in conjunction with Exemption 7(C) to protect names and other identifying information of persons other than plaintiff whose right to personal privacy outweighed public disclosure. Hardy Dec. ¶¶ 32-43.

22.    FBI, USMS, EOUSA, and BOP are all law enforcement organizations. E.g., Haydy Dec. ¶ 45 (discussing FBI's law enforcement mission); Boseker Dec. ¶ 20; see 28 U.S.C. § 566 (powers and duties of the USMS); 18 U.S.C. § 3050 (providing arrest authority for employees of the BOP); 18 U.S.C. § 4042 (authority of BOP).

23.    FBI, USMS, EOUSA, and BOP all appropriately withheld personal and identifying information of third parties in their law enforcement records to protect the substantial right to privacy enjoyed by those third parties, including law enforcement personnel and others. Hardy Dec. ¶¶ 48-58  & Exh. G; Boseker Dec. ¶¶ 21-23; Bordley Dec. ¶¶ 12, 15; Moorer Dec. ¶¶ 7-8.

24.    FBI utilized confidential informants in plaintiff's case and appropriately exempted from release information related to those individuals pursuant to Exemption 7(D).  Hardy Dec. ¶¶ 62-63.

25.    FBI applied Exemption 7(E) properly to withhold information about certain investigative techniques, including polygraph techniques.  Hardy Dec. ¶¶ 65-66.

26.    Applying Exemption 7(F), BOP correctly withheld the name of a prisoner who is being maintained physically separate from plaintiff because release of information could pose a threat to that inmate's physical safety.  Moorer Dec. ¶ 7.

27.    Plaintiff has been convicted and incarcerated for murdering two people.  See United States v. Billy Gene Harris, 198 F.3d 259 (10th Cir. 1999) (affirming denial of relief under 28 U.S.C. § 2255 and summarizing the history of the criminal case); United States v. Billy Gene Harris, 956 F.2d 279 (10th Cir. 1992) (table) (affirming conviction but reversing the entry of a restitution order) (text of the decision is available at 1992 WL 33210).

28.    All reasonably segregable material has been released to plaintiff by carefully separating the non-exempt information to obtain the maximum release possible.  Hardy Dec. ¶ 17 & Exh. G; Boseker Dec. ¶ 30; Bordley Dec. ¶ 17;  Moorer Dec. ¶¶ 6, 8 and associated Vaughn index information provided.

Dated: July 7, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, DC Bar #451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161