UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **BILLY GENE HARRIS,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-2408 (ESH) |
| **BUREAU OF INDIAN AFFAIRS,** *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This action, brought under the Freedom of Information Act, 5 U.S.C. § 552, is before the Court on defendants' unopposed motion for summary judgment.[1] For the following reasons, the Court will grant the motion and dismiss the case.

By Order of July 10, 2006, plaintiff, proceeding *pro se*, was advised pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), and *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), to respond to defendants' motion by August 18, 2006, or risk dismissal of the complaint. On August 8, 2006, and September 11, 2006, the Court allowed to be filed plaintiff's letters addressed to the presiding judge. In the latter correspondence, plaintiff claims that "the B.I.A. has not responded to my civil action case," but he also acknowledges his receipt of a "fraudulent affidavit of personal knowledge." It appears from both letters that plaintiff is only seeking an answer to his question allegedly made to the BIA concerning

---

[1] Plaintiff sues the Department of Interior's Bureau of Indian Affairs and Tribal Law Enforcement and the following Department of Justice components: the Criminal Division, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Federal Bureau of Investigation, the United States Marshals Service, and the Executive Office for United States Attorneys for their processing of his FOIA requests. The motion is brought on behalf of all defendants.

property in Oklahoma.  The Court's FOIA jurisdiction is limited, however, to "enjoin[ing] [federal agencies] from withholding agency records and to order[ing] the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B); *see McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983).  The "FOIA neither requires an agency to answer questions disguised as a FOIA request, or to create documents or opinions in response to an individual's request for information."  *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987), *cert. denied*, 484 U.S. 803 (1987) (citations omitted).  Plaintiff has not responded to the merits of defendants' summary judgment motion based on their processing of his FOIA requests.  The Court therefore treats the motion as conceded.

Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "[T]he court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in a statement of genuine issues filed in opposition to the motion."  Local Civil Rule 7(h).  In a FOIA action, the Court may award summary judgment to the government solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

Defendants have amply supported their motion with declarations that explain the processing of plaintiff's request made to each component and, where necessary, the application of FOIA exemptions to the withheld material.  *See generally* Defendants' Statement of Material

Facts Not in Genuine Dispute; Defendants' Memorandum in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment.[2]  In the absence of any contradicting facts or evidence, the Court finds that defendants have satisfied their disclosure obligations under the FOIA and are entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.

                                         s/
                                 ELLEN SEGAL HUVELLE
                                 United States District Judge

Dated: September 14, 2006

---

[2] *See* Order of July 10, 2006 (denying as moot plaintiff's motion for partial summary judgment on the exhaustion of administrative remedies).